# Explanation Letter to the Court

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 05 2025

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

**Re: Marion v. Hollis Cobb Associates, Inc.,** Civil Action No. **1:24-CV-2582-MLB-JCF**

Dear Judge Magistrate Judge J. Clay Fuller,

I am writing in response to the Court's order dated February 24, 2025, directing me to file a true and accurate copy of *Ingram v. Mutual of Omaha Ins. Co., 170 Ga. App. 679 (1984)* or provide an explanation to avoid sanctions under Federal Rule of Civil Procedure 11.

**Explanation of the Citation Issue**

Upon receiving the Court's order, I conducted extensive legal research to obtain a verifiable copy of *Ingram v. Mutual of Omaha Ins. Co.*, including searches in Westlaw, LexisNexis, Google Scholar, Google search engine, and Georgia's state case law archives. Despite my diligent efforts, I did find a closely related case on Casetext, titled *Ingram v. Mutual of Omaha Insurance Company* https://casetext.com/case/ingram-v-mutual-of-omaha-insurance-company-2 , which involves a claim of unauthorized disclosure of private information and the resulting emotional distress. While this case does not specifically reference 170 Ga. App. 679 (1984), I think mixed up the citations from a different case law. I also believed the case to be relevant to my argument regarding Intentional Infliction of Emotional Distress (IIED) because it deals with the emotional impact of improper conduct by a company against an individual. I acknowledge that my citation contained an error.

**Clarification Regarding the Citation Mistake**

As a pro se litigant, I relied on publicly available resources and secondary sources in my legal research to find supporting case law. This citation was included in good faith based on sources that referenced the case, and I regret not verifying its accuracy before submitting my response. I did not fabricate the case law, nor did I intend to mislead the Court or opposing counsel. I was simply moving too fast when trying to meet the deadline to submit my response and did not fully read the entire case law and mixed up the citations.

**Why Rule 11 Sanctions Are Not Warranted**

Federal Rule of Civil Procedure 11(b) requires that all legal contentions be warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law. In this case:

1. **There Was No Intent to Mislead** – The citation was an honest mistake, and I am now correcting the record. I should have done my due diligence better to ensure this case law was correct and not rush to get this opposition submitted. I also should not have relied on secondary and public sources without verifying and confirming. I looked over the case quickly and took the information and added it into my opposition without actually reading through it.

2. **Diligent Effort to Correct the Issue** – Upon realizing the error, I researched the case further and identified the Casetext decision as the likely intended reference but again did not do my part to confirm.

3. **Pro Se Litigant with Limited Access to Legal Databases** – Unlike attorneys with access to paid research tools, I conducted legal research through publicly available sources, which sometimes contain citation errors.

4. **No Prejudice to Defendant** – The citation in question did not materially affect the Court's ruling on the Partial Motion to Dismiss.

5. **Judicial Economy & Good Faith** – I have made and also I am making every effort going forward to follow proper court procedures, correct mistakes, and ensure compliance moving forward. The citation in question did not materially affect the Court's ruling on the Partial Motion to Dismiss.

I sincerely regret any inconvenience this may have caused the Court or opposing counsel. Moving forward, I will verify all legal citations using official case law databases before submitting any filings.

I respectfully request that the Court accept this explanation and allow me to proceed without the imposition of Rule 11 sanctions.

Thank you for your time and consideration.


Sincerely,
Andrea L. Marion
*Pro Se Plaintiff*

No. 01-0308-CV-W-3-ECF
United States District Court, W.D. Missouri, Western Division

# Ingram v. Mutual of Omaha Insurance Company

170 F. Supp. 2d 907 (W.D. Mo. 2001)
Decided Oct 26, 2001

Case No. 01-0308-CV-W-3-ECF.

October 26, 2001

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

ORTRIE D. SMITH, JUDGE, UNITED STATES DISTRICT COURT.

Pending are the Motion for Partial Summary Judgment of Plaintiff (Doc. # 12) and the Cross-Motion for Summary Judgment of Defendant (Doc. # 22). For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is granted in part and denied in part.

I. Background

This case arises from Plaintiff's claims against her medical insurance company for breach of fiduciary duty and breach of the physician-patient privilege. The uncontroverted facts are as follows: Plaintiff ("Ingram") was identified as a potential witness in an unrelated case entitled Walton v. American Delivery Service ("the Walton case"). The Walton case, which has now settled, was pending in Wyandotte County, Kansas District Court. On or about February 7, 2000, J. Donald Lysaught, the defense attorney in the Walton case, subpoenaed Ingram's medical records from Defendant ("Mutual of Omaha"), her medical insurance carrier. The subpoena directed Mutual of Omaha to either produce the documents at Lysaught's law firm office on February 23, 2000, or if Mutual of Omaha was unable to produce the records on that date, to file the records with the Clerk of the Wyandotte County Court. On February 24, 2000, Mutual of Omaha mailed Ingram's medical records to Lysaught's firm. Ingram did not authorize or consent to the release of her medical records. Further, Mutual of Omaha did not inform her that it had disclosed her medical records. On June 6, 2000, the Plaintiff in the Walton case moved to quash all subpoenas of business records regarding Ingram, including the subpoena issued to Mutual of Omaha. Shortly thereafter, Dr. Mark Molos, a treating physician to Ingram, also filed a motion to quash a subpoena he received requesting Ingram's medical records. The Kansas court overruled both motions without participation by Ingram, holding that the information requested in the subpoenas was reasonably calculated to lead to the discovery of admissible evidence.

Ingram alleges that Defendant Mutual of Omaha breached its fiduciary duty and the physician-patient privilege when it disclosed her confidential medical records to a third party; however, she is only seeking summary judgment on her breach of fiduciary duty claim. Mutual of Omaha argues that it properly complied with a valid subpoena, that it owed no fiduciary duty to Ingram and is seeking summary judgment on all of Ingram's claims. Ingram contends that, instead of disclosing her medical records without her waiver or authorization, Mutual of Omaha should have

casetext
Part of Thomson Reuters

either objected to the subpoena or filed a motion to quash the subpoena. Therefore, Ingram's claim is best stated as a claim for breach of fiduciary duty and the physician-patient privilege for failing to object to or file a motion to quash the subpoena. The central issue in this case is whether the failure to object or file a motion to quash is a breach of Defendant's fiduciary duty and a breach of the physician-patient privilege.

## II. Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

## III. Choice of Law

The parties have engaged in a lengthy discussion about which state law should be applied. Ingram contends that Missouri law should be applied, as the relationship between the parties is centered in Missouri and Missouri has the greatest concern because the outcome of the case will affect the privacy of Missouri citizens' medical records. Mutual of Omaha argues that Kansas law should be applied because, among other things, the medical records were produced in Kansas and Kansas has the greatest interest in the case because the outcome will affect how entities respond to subpoenas issued by Kansas courts. In determining which state's substantive law governs, a district court must apply the forum state's conflict of law rules. See Pritchard-Keang Nam Corp. v. Jaworski, 751 F.2d 277, 281 n. 4 (8th Cir. 1984). In the past, Missouri has looked to the Restatement to provide guidance on its conflict of law questions. See Farmers Ins. Co. v. McFarland, 976 S.W.2d 559 (Mo.Ct.App. 1998) (stating that Missouri has adopted "significant relationship" test of Restatement § 145). Section 145 of the Restatement (Second) provides:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence . . . .
>
> (2) Contacts to be taken into account . . . to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

In this case, the parties are asking the Court to determine whether a fiduciary duty exists between the insurer and its insured. Thus, the key issue is focused on the relationship between Ingram and Mutual of Omaha. Although the medical records were produced in Kansas pursuant to a subpoena issued by a Kansas court for use in a Kansas court proceeding, this case deals with the nature of the

relationship between the parties. The insured was a Kansas resident at the time the insurance agreement was signed, but is now domiciled in Missouri and was domiciled in Missouri at the time the records were released. The insurance company is a Nebraska corporation. The relationship between the parties is now centered in Missouri, arguably Nebraska, but not Kansas. Furthermore, the outcome of this proceeding will affect not only a Missouri citizen's privacy interest in her medical records but also the extent of the fiduciary duty an insurance company owes to parties that it insures in the state of Missouri. Taking all of the above into consideration, the Court believes that Missouri has the most significant relationship to the legal issue in dispute; therefore, Missouri law will be applied.

IV. Analysis

A. Breach of Fiduciary Duty

Under Missouri law, Mutual of Omaha was in possession of Ingram's privileged medical records and there is no evidence that she either waived her privilege or authorized their disclosure. See Gonzenbach v. Eberwein, 655 S.W.2d 794 (Mo.Ct.App. 1983) (holding that a patient's act of turning medical records over to his insurance company was not a waiver of his physician-patient privilege). However, simply because Mutual of Omaha was in possession of privileged records does not resolve the pivotal question of whether the insurance company's disclosure of physician-patient privileged medical records constituted a breach of a fiduciary duty. In Brandt v. Medical Defense Ass'n, 856 S.W.2d 667 (Mo.banc 1993), the Missouri Supreme Court held that a physician's disclosure of privileged medical records constitutes a breach of his fiduciary duty. The court stated, "a physician occupies a position of trust and confidence as regards his patient — a fiduciary position" and from this fiduciary relationship arises a duty of confidentiality not to disclose any medical information received in connection with his treatment. Id. at 670 (quoting Moore v. Webb, 345 S.W.2d 239, 243 (Mo.Ct.App. 1961)). The Missouri courts have extended this fiduciary duty of confidentiality to health care centers and hospitals. Fierstein v. DePaul Health Ctr., 949 S.W.2d 90 (Mo.Ct.App. 1997). Plaintiff advocates now extending this fiduciary duty of confidentiality to insurance companies.

Although there are no Missouri cases that have extended the fiduciary duty in Brandt to insurance companies, the Court believes that, if presented with this issue, the Missouri Supreme Court would hold that at the time the insured has turned over privileged medical records to the insurer, a special relationship exists between the parties, and based on the nature of that relationship, the insurance company owes a fiduciary duty to ensure the confidentiality of the medical records. Generally, under Missouri law, no fiduciary duty exists between an insurer and insured. See Koger v. Hartford Life Ins. Co., 28 S.W.3d 405, 411 (Mo.Ct.App. 2000); A.G. Edwards Sons, Inc. v. Drew, 978 S.W.2d 386, 394 (Mo.Ct.App. 1998). However, "[a] fiduciary relationship may arise as a matter of law by virtue of the parties' relationship, e.g., attorney-client, or it may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former." A.G. Edwards, 978 S.W.2d at 394 (quoting State Sec. Ins. Co. v. Frank B. Hall Co., 630 N.E.2d 940, 945 (Ill.App.Ct. 1994). In Gozenbach, the Missouri Court of Appeals described the special relationship between an insurer and insured as follows:

casetext
Part of Thomson Reuters

3

Turning the records over to his insurers is consistent with the retention of the privilege because the insurers, who paid a substantial part of the costs of . . . hospitalization, are an integral part of the contemporary medical treatment process. Thus, [the insured's] actions are consistent with an intention to reveal confidential information only to the extent necessary to obtain treatment and later, payment or reimbursement for his hospital treatment.

Gozenbach, 655 S.W.2d at 796.

When in possession of medical records shielded by the physician-patient privilege, an insurance company has a special confidential relationship with its insured — a fiduciary relationship — and from that relationship flows a duty to protect those medical records from unauthorized disclosure. To that end, the insurance company should be treated no differently than a hospital or physician — it was in possession of medical records subject to the physician-patient privilege, and by virtue of the confidential relationship with the insured, it had a fiduciary duty not to disclose them without the insured's permission or waiver.

Mutual of Omaha argues that it merely complied with a valid subpoena. The Court does not find this argument persuasive and does not believe that Mutual of Omaha's fiduciary duty vanished upon receipt of the subpoena. Mutual of Omaha argues that, under Kansas Statute § 60-245(e), it could have been held in contempt of court for failing to obey the subpoena. However, that particular section cited by Defendant actually reads: "[f]ailure by any person without adequate excuse to obey a subpoena served upon the person may be considered in contempt of the court . . ." Id. (emphasis added). In this case, Mutual of Omaha had an adequate excuse — that compliance with the subpoena would result in the disclosure of privileged material. In fact, Section (c)(3)(A)(iii) of the same statute states that a court shall quash a subpoena when it "requires disclosure of privileged or other protected matter." Mutual of Omaha could have pursued several options to protect the confidentiality of Ingram's medical records — it could have filed a motion to quash or filed a motion for a protective order before disclosing the records. Within the subpoena itself was a statement that Mutual of Omaha could serve written objections to attorney Lysaught and if an objection was made, the records need not be produced except upon order of the court. Clearly, there was a mechanism in place for Mutual of Omaha to ensure the confidentiality of Ingram's medical records and its failure to pursue any of these options is a breach of its fiduciary duty.

Mutual of Omaha also argues that the subpoena was later upheld by the Kansas court when it denied the motion to quash. Without commenting on the propriety of the Kansas court's decision, this Court does not believe that an order entered four months after the records were released bears upon whether Missouri imposed a duty on Mutual of Omaha at the time of the release. The question before this Court is whether Mutual of Omaha breached its fiduciary duty. At the point in time when Mutual of Omaha released Ingram's records, no motion to quash had been filed (by Mutual of Omaha or any other party) and Mutual of Omaha did not attempt to obtain permission or a waiver from Ingram.

B. Breach of Physician-Patient Privilege

Mutual of Omaha seeks summary judgment on Ingram's claim for breach of the physician-patient privilege. The Court has been unable to find any authority, and Ingram has provided no case, which endorses the extension of the physician-patient privilege to insurance companies or in any way creates an insurer-insured privilege from the physician-patient privilege. The physician-patient privilege is codified in Mo. Rev. Stat. § 491.060(5), and relates only to a physician's disclosure of medical information by testimony in court or by formal discovery. This privilege should be distinguished from a fiduciary duty of

confidentiality. See Brandt, 856 S.W.2d at 669. Given the limited nature of the physician-patient privilege, the Court believes that it should not be applied against an insurance company. Therefore, summary judgment is granted in favor of Mutual of Omaha on Ingram's breach of physician-patient privilege claim.

V. Conclusion

Based on the discussion above, Plaintiff's motion for summary judgment on her claim of breach of fiduciary duty is granted. Mutual of Omaha's cross-motion for summary judgment on Ingram's claim for breach of the physician-patient privilege is also granted. Remaining is the issue of Plaintiff's damages. The parties shall submit, within twenty days of the date of this order, a revised scheduling and trial order to address the issue of Plaintiff's damages.

IT IS SO ORDERED.

casetext
Part of Thomson Reuters



FROM: Andrea Marin
320 Chenel Worth Dr #5
East Point, GA 30344

TO:
Attn: Clerks Office
Richard B. Russell Federal
Building and Courthouse
75 Ted Turner, SW
Atlanta, GA 30303