IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREA L. MARION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:24-CV-2582-MLB-JCF |
| HOLLIS COBB ASSOCIATES, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ORDER**[1]

On June 13, 2024, Andrea L. Marion ("Plaintiff"), who is proceeding *pro se*, filed a Complaint against Hollis Cobb Associates, Inc. ("Hollis Cobb" or "Defendant"). (Docs. 1, 3). Plaintiff applied for leave to proceed *in forma pauperis*, (Doc. 1), which the Court reviewed pursuant to 28 U.S.C. § 1915 and granted. (Doc. 2). After Plaintiff amended her complaint, Hollis Cobb filed a Partial Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) on December 23, 2024. (Doc. 28). After full briefing on the motion, the Court recommended on February 14, 2025 that Defendant's Partial Motion to Dismiss be granted. (Doc. 34). At the same time, the Court ordered Plaintiff to either provide a true and accurate copy of the "*Ingram v. Mutual of Omaha Ins. Co.*, 170 Ga. App. 679 (1984)" case that she cited in her response in

---

[1] References to docket materials will be made to the Court's CM-ECF pagination.

1

opposition to Defendant's Partial Motion to Dismiss to the Court or, if she could not do so, to show cause as to why she should not be sanctioned for citing in documents submitted to the Court a seemingly fake case. (Doc. 34 at 12-13). The Court explained in its order that neither it or nor Defendant could locate the "*Ingram v. Mutual of Omaha Ins. Co.*, 170 Ga. App. 679 (1984)" case that Plaintiff cited. (*Id.*).

Plaintiff filed on February 19, 2025 an "Explanation Letter to the Court." (Doc. 36). Therein Plaintiff explains that "[a]fter extensive research," she was "unable to locate" the "Ingram" case that she cited in her response brief. (*Id.* at 1). Plaintiff then explains that the "Ingram" case "was found through secondary sources, which included…[l]egal research websites[,]…[c]onsumer rights and self-help legal guides[,]…[l]aw review articles and legal blogs[,]…[and o]nline legal forums." (*Id.*). The Court directed Plaintiff on February 24, 2025 to file with the Court one such example of a secondary source she used that referred to "*Ingram v. Mutual of Omaha Ins. Co.*, 170 Ga. App. 679 (1984)." (Doc. 37 at 2). Plaintiff responded to the Court's February 24, 2025 order by stating that after conducting "extensive legal research," she could not find the *Ingram* case at 170 Ga. App. 679. (Doc. 38 at 1). Plaintiff acknowledged that her "citation contained an error." (*Id.*). She concurrently argues that Rule 11 sanctions are not warranted because there was no intent to mislead, she conducted diligent efforts to correct the issue, she is a *pro se* litigant with limited access to legal databases, there was no prejudice to Defendant, and she is "making every effort going forward to follow proper court procedures, correct

2

mistakes, and ensure compliance." (*Id.* at 2).

Upon review of Plaintiff's response to the Court's February 24, 2025 order, the Court credits Plaintiff's response explaining that the error in her submission was most likely due to making a mistake in attempting to reference *Ingram v. Mutual of Omaha Ins. Co.*, 170 F.Supp.2d 907 (W.D. Mo. 2001). The Court is appreciative of Plaintiff's efforts to respond to the show cause Order. The Court finds Plaintiff's explanation satisfactory and as a result, her mistake does not justify the imposition of sanctions.

**IT IS SO ORDERED** this 7th day of March, 2025.

> */s/ J. Clay Fuller*
> J. CLAY FULLER
> UNITED STATES MAGISTRATE JUDGE